UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DURWOOD MILTON GWYN,

    Petitioner,

v.                                                              CASE NO: 8:10-cv-395-T-30MAP
                                                                     Crim. Case No: 8:08-cr-331-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) filed on February 8, 2010, and Memorandum in support (CV Dkt. # 6) filed on May 11, 2010.

### BACKGROUND

Petitioner, Durwood Milton Gwyn ("Gwyn" or "Petitioner") pled guilty without the benefit of a plea agreement to one count of possession with intent to distribute five grams or more of cocaine base and distribution of cocaine base, both in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(1)(B)(iii). Docs. CR-1 (Indictment), CR-26 (Transcript). This Court accepted Gwyn's guilty plea and adjudged him guilty. Doc CR-19.

Gwyn was deemed to be a career offender pursuant to USSG §4B1.1 based on his four qualifying prior convictions as enumerated in Gwyn's presentence investigation report:

A. Case No. 98CF19444, Delivery of Cocaine

B. Case No. 00CF16275, Delivery of Cocaine

C. Case No. 04CF8476, Possession of Cocaine with Intent to Deliver Within 1,000 Feet of a School

D. Case No. 04CF12685, Possession of Cocaine With Intent to Sell or Deliver

Petitioner was sentenced to serve 262 months imprisonment to be followed by ninety-six months of supervised release. Docs. CR-24, CR-21. At the conclusion of his sentencing hearing, this Court issued Gwyn a "Declaration of Intent to Appeal" form and addressed his right to appeal. Gwyn was advised that failure to return the completed form at the end of the appeal period would be accepted as an acknowledgment that he, freely and voluntarily, did not wish to file an appeal. Petitioner did not return the "Declaration of Intent to Appeal" form.

On February 8, 2010, Gwyn filed this section 2255 motion asserting two grounds of ineffective assistance of counsel: (1) counsel failed to file a direct appeal after being instructed to do so, and (2) counsel failed to challenge the sentencing disparity regarding crack and powder cocaine.

## **STANDARD OF REVIEW**

Title 28 U.S.C. § 2255 provides that a petitioner can seek collateral review to vacate and set aside the judgment if the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to

collateral attack, or that there has been such a denial or infringement of the prisoner's constitutional rights as to render the judgment vulnerable to collateral attack.

Gwyn alleges a denial of his constitutional Sixth Amendment right to counsel. The standard to determine whether the right to effective assistance of counsel has been violated is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Counsel is presumed competent to assist a defendant; the burden is on the petitioner to demonstrate the denial of the effective assistance of counsel. *United States v. Cronic*, 466 U.S. 648, 658 (1984). To vacate the conviction, the petitioner must show "by a preponderance of competent evidence," *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000), that (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) Defendant was prejudiced by the deficient performance. *Strickland*, 466 U.S. 668 at 687, 694.

## DISCUSSION

Gwyn's conviction became final on February 2, 2009, when the time for filing a direct appeal had passed. Therefore, Gwyn's § 2255 motion is timely, because it was signed under penalty of perjury on February 2, 2009, and the Government doesn't dispute the application of the mailbox rule.

**Ground One:** Ineffective assistance of counsel for refusal to file a direct appeal after Petitioner's request.

In Gwyn's declaration attached to this motion, he alleges that

> [a]fter sentencing, [Petitioner] asked counsel about filing an appeal. Counsel stated he didn't see any issues to appeal and there was no need to file an appeal he did not believe anything could be done. [Petitioner] stated to counsel [he] was not happy with the sentence as it was too harsh. Counsel still refused to file an appeal.

In support of this ground, Gwyn does not assert counsel's advice was insufficient. Rather, Petitioner only contends that counsel failed to follow his ultimate request to appeal. However, that claim is refuted by Gwyn's failure to return the "Declaration of Intent to Appeal" form.

As a result of *Flores-Ortega*, district court judges were faced with an influx of petitioners claiming they requested an appeal when they had not. The unnecessary evidentiary hearing needed to dismiss the frivolous claim wasted the court's time and was held at the public's expense. In response to the problem and to promote judicial economy, this Court instituted "The Declaration of Intent to Appeal" form. It is given to the defendant after advising him or her of the right of appeal from the judgment and sentence within ten[1] days. In the instant case, the Court instructed Gwyn:

> You should have in front of you a form entitled "Declaration of Intent to Appeal." That form states whether you do or do not wish to file an appeal. I direct you to complete the

---

[1] At the time of Gwyn's sentencing, the statute provided for ten days, but the form has been changed to reflect the amendment allowing fourteen days for appeal.

> form, mail it to the Clerk's office at the end of the ten-day appeal period. If you do not return the form, I will accept that as an acknowledgment that you do not wish to file an appeal and that was a free and voluntary choice on your part. The Government also has a right to file an appeal from this sentence.
>
> You're advised that you're entitled to the assistance of a lawyer in taking an appeal; and if you're unable to afford a lawyer, one will be provided for you. If you're unable to afford the filing fee, the Clerk of the Court would be directed to accept the notice of appeal without such fee.

Docs. CR-24 at 33-4.

An evidentiary hearing is unnecessary. The Court accepts Gwyn's failure to return the form as an acknowledgment that he did not wish to file an appeal. He will not now be heard to claim the contrary. Therefore, ground one fails both prongs of *Strickland.*

**Ground Two:** **Ineffective assistance of counsel for stating that there was nothing new in the law on the issue of the crack/powder disparity, it didn't apply to Petitioner, and Petitioner would be sentenced by the guidelines.**

Under this ground, Gwyn contends counsel was ineffective in not arguing that the court should vary downward from the guidelines based on the crack/ powder disparity. This argument fails because Gwyn's sentence would have been the same regardless of whether he possessed crack or powder. Gwyn was sentenced as a career offender. The Career Offender enhancement, contained in the Sentencing Guidelines at USSG §4B1.1(a), is a non-statutory enhancement that places a qualifying defendant within a range higher than he or she otherwise would have scored:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the

> instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The Career Offender enhancement was applied to Gwyn because of his two prior convictions for delivery of cocaine. He also had two additional convictions for possession of cocaine with intent to sell.

Because Gwyn's offense of conviction carried a statutory maximum imprisonment term of life, the Career Offender enhancement called for a base offense of thirty-seven regardless of the type of illegal drug involved. That is, it made no difference in Gwyn's sentence that he possessed crack rather than powder cocaine. Both are 'controlled substance offense[s]' qualifying for the Career Offender enhancement. Under USSG §4B1.1(b), Petitioner's criminal history category was set at Category VI. A three level reduction for assistance was applied to Gwyn's thirty-seven base offense level. Therefore, he faced a Sentencing Guidelines range of 262-327 months imprisonment for an offense level of thirty-four.

Counsel was correct in advising Petitioner that the crack/ powder disparity issue had no effect on his sentence. Therefore, ground two fails.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate (CR Dkt. #23) in the underlying criminal case, case number 8:08-cr-331-T-30MAP.

**DONE** and **ORDERED** in Tampa, Florida on June 4, 2010.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2010\10-cv-395.deny 2255.wpd